IN THE DISTRICT COURT IN AND FOR WAGONER COUNTY
STATE OF OKLAHOMA

CHAD ANDREE AND, )
GERALDIN ANDREE )
    Plaintiffs, )
)
vs. ) Case No. CJ-23-135
)
STATE FARM FIRE AND CASUALTY CO., )
A Foreign Company, ) ATTORNEY LIEN CLAIMED
    Defendant. )

## PETITION

COMES NOW the Plaintiffs, Chad Andree and Geraldin Andree, by and through their attorney of record, Amber Peckio Garret of AMBER LAW GROUP, and for their cause of action against the Defendant, State Farm Fire and Casualty Company, allege and state as follows:

1. That the Plaintiff is a resident of the City of Broken Arrow, Wagoner County, State of Oklahoma. That the Defendant, State Farm Fire and Casualty Company ("State Farm"), is a foreign company doing business in the State of Oklahoma. That the events giving rise to this action occurred in Wagoner County, Oklahoma, thus making jurisdiction of this Court just and proper.

## COUNT I
## BREACH OF CONTRACT

2. Plaintiff alleges that on July 21, 2022, the Plaintiffs' home suffered extensive storm damage from wind and hailstorm.

3. The Plaintiffs' home is covered by an insurance policy issued by the Defendant State Farm. That said policy of insurance included coverage for damages caused by wind and hail damage with a policy number 36-37C298H. Further, that said policy was in effect and covers damages sustained by the Plaintiffs' home on July 21, 2022.

4. On or about July 21, 2022, Plaintiffs' home and roof were damaged by a wind and hailstorm that hit Broken Arrow, Oklahoma. Plaintiffs promptly notified Defendant State Farm of the claim.

1

EXHIBIT 1

5. State Farm was contacted by Plaintiffs per the policy requirements and was informed about the damage.

6. State Farm inspected the home on August 16, 2022 and wherein it denied any significant hail or wind damage to Plaintiffs' house on same day but advising that there was damage with an estimate of $6,252.08.

7. That Plaintiff sought a second opinion as to the amount of the hail damage and had their house inspected again by Family Tree Roofing on August 19, 2022 wherein, they found extensive hail damage with an repair estimate of $14,739.50.

8. That Plaintiffs submitted the Family Tree Roofing estimate to Defendant State Farm but State Farm refused to change their denial of hail damage or increase the repair price under the insured's policy.

9. That on March 8, 2023, the Plaintiffs had another hail damage inspection completed on their home which concluded that it would cost $37,531.67 to repair the roof.

10. That Plaintiffs submitted the March 8, 2023 estimate to Defendant State Farm but State Farm refused to change their denial of hail damage or increase the repair price under the insured's policy.

11. That the Defendant State Farm has breached its contract of insurance and has wholly refused or neglected to pay Plaintiff the value of their structural and roof damages. Said failure constitutes a breach of contract of said insurance policy, and the Plaintiff is entitled to a judgment against Defendant State Farm in the amount of $75,000.00 for the property damage they sustained while covered by such contract, together with attorney's fees and costs.

## COUNT II
## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

12. The Plaintiffs adopt and reallege the allegations of Count One, Paragraphs 1 through 11, as if they were fully rewritten and fully set forth herein.

13. In its handling of Plaintiffs' claim, and as a matter of standard business practice in handling like claims under the same or similar polices of insurance, State Farm further breached its duty to deal fairly and act in good faith towards Plaintiff by, among other things,

   a. failing to timely and properly investigate Plaintiff's claim(s);

    b.    relying on a report from an individual who was not licenses by the State of Oklahoma to conduct an inspection of Plaintiffs' roof;

    c.    relying on a report containing false or inaccurate information;

    d.    failing to properly investigate the claims and/or obtain and consider additional information important to the refusal to replace Plaintiffs' roof;

    e.    forcing Plaintiffs to incur the expense of replacing the subject roof when State Farm knew or should have known that the information upon which it was relying was inaccurate and/or incomplete;

    f.    not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiffs' claim(s) once State Farm was provided additional information;

    g.    withholding payments due under the policy thereby implying that further adjustments on the claim(s) would be made;

    h.    forcing Plaintiffs to pursue further action in order to secure benefits State Farm knew or should have known are payable;

    i.    failing to properly evaluate any investigation that was performed;

    j.    failing to reasonably interpret information made available with a view toward affording coverage in favor of the insureds, and

    k.    by failing to pay for the necessary repairs to the Plaintiff's home, State Farm has failed to renew the Plaintiff's insurance policy because the house is damaged and now uninsurable by State Farm.

14.    While not necessarily inclusive, any and or all of the described acts or omissions by State Farm constitute a violation of the covenant of good faith and fair dealing and result in a financial benefit to State Farm.

15.    In refusing to make the payment described, the Defendant State Farm breached its obligation to pay the amount due under the policy as stated above within a reasonable amount of time after having received notice of the loss described above.

16.    That Defendant State Farm failed to timely and properly investigate Plaintiffs' claims by ignoring the fact that the vast majority of houses in Plaintiff's neighborhood had serious damage to their roof systems based on the same hailstorm on which Plaintiffs' claim was based.

17.    As a proximate result of the bad faith of the Defendant State Farm described above, the Plaintiffs were forced to commence litigation against their own insurance carrier at a substantial

cost to them. Moreover, as a result of the unreasonable refusal to pay policy benefits on the part of the Defendant, the Plaintiffs have suffered mental, emotional, and financial distress for which they are entitled to receive compensation in an amount in excess in of $10,000.00.

18. The bad faith refusal to pay policy benefits on the part of the Defendant State Farm therefore entitled the Plaintiffs to request and receive punitive damages in an amount in excess of $10,000.00.

## Count III
## Punitive Damages

19. The Plaintiffs adopt and reallege the allegations of Count One and Two, Paragraphs 1 through 18, as if they were fully rewritten and fully set forth herein.

20. That Defendant's conduct was intentional, reckless, grossly negligent and malicious so as to warrant the award of exemplary or punitive damages. That Plaintiffs have been compelled to retain legal counsel, hire construction persons and professional loss adjustors, and file litigation in order to exact fair treatment from Defendant. That Defendant's conduct has resulted in Plaintiffs' home remaining in a substandard, vulnerable and completely unrepaired state which impairs the home's overall integrity. The amount sought in damages is in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.

**WHEREFORE**, the Plaintiffs pray for judgment against the Defendant State Farm for all allowable money damages, for actual damages for the breach of contract action, punitive damages, mental, emotional, and financial distress together with her costs, attorney fees, interest and all other relief allowed by law that this Court deems just and fair. Plaintiffs respectfully reserve the right to amend her Petition for the purpose of asserting additional grounds for recovery and damages against Defendant or other individuals/entities, including any additional and necessary State Farm corporate entity.

Respectfully submitted this 17th day of April, 2023,

_____
Amber Peckio Garrett, OBA #19908
AMBER LAW GROUP
2727 East 21st Street, Suite 100
Tulsa, Oklahoma 74114
P. (918) 895-7216
F. (918) 895-7217
amber@amberlawgroup.com
*Attorney For Plaintiffs*

Corporation Service Company
10300 Greenbriar Place
Oklahoma City, OK 73159



**OKLAHOMA INSURANCE DEPARTMENT**

Legal Division
Insurance Commissioner
400 NE 50th St.
Oklahoma City, OK 73105

7022 2410 0003 2697 9538